Sajith Kumar ALAWWA, Petitioner,

v.

Alberto GONZALES, Attorney
General,* Respondent.

No. 03–71707.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.**

Decided April 4, 2005.

Carl Shusterman, Esq., The Law Offices
of Carl Shusterman, Los Angeles, CA, for
Petitioner.

Elif Keles, Los Angeles, CA, Regional
Counsel, Western Region Immigration &
Naturalization Service, Laguna Niguel,
CA, Ronald E. Lefevre, Chief Legal Offi-
cer, Office Of The District Counsel Depart-
ment of Homeland Security, San Francis-
co, CA, Richard M. Evans, Esq., Thomas
C. Lederman, U.S. Department of Justice
Civil Div./Office of Immigration Lit.,
Washington, DC, for Respondent.

* Alberto Gonzales is substituted for his prede-
cessor, John Ashcroft, as Attorney General of
the United States, pursuant to Fed. R.App. P.
43(c)(2).

** The panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, TROTT, and SILERMAN, Circuit Judges.

### MEMORANDUM ***

Sajith Kumar Alawwa, a native and citizen of Sri Lanka, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1074 (9th Cir.2004). We grant the petition for review, and remand for further proceedings.

■ The IJ erred in finding that Alawwa firmly resettled in the United Arab Emirates ("UAE") because Alawwa testified that he resided in the UAE on a three-year temporary work visa that was subject to termination by his employer, and that the UAE had not offered him permanent residence. *See Ali v. Ashcroft*, 394 F.3d 780, 789–90 (9th Cir.2005) (holding that the plain language of 8 C.F.R. § 208.15 requires that an asylum applicant be offered permanent resident status or its equivalent by the country of first asylum to be considered firmly resettled).

■ Contrary to the IJ's findings, the record compels the conclusion that the harm Alawwa suffered rises to the level of past persecution. *See Ratnam v. INS*, 154 F.3d 990, 995 (9th Cir.1998) (holding that a Sri Lankan who experienced similar mistreatment had been persecuted). Alawwa testified that he was twice detained for several days by Sri Lankan police who mistakenly believed he was a member of a Sri Lankan Sinhalese movement known as the Janetha Vimukthi Peramuna ("JVP"), a communist anti-government group.

Alawwa also testified that he was beaten with batons and plastic pipes, his head was tipped upside down and was immersed in a drum of water as Alawwa's interrogators tried to persuade him to admit he was a JVP member and to provide the names of other members. This constitutes past persecution on account of imputed political opinion. *See id.* at 995–96.

■ "Once a petitioner demonstrates past persecution, she is entitled to a presumption of a well-founded fear of future persecution." *See Mamouzian v. Ashcroft*, 390 F.3d 1129, 1135 (9th Cir.2004); 8 C.F.R. § 208.13(b)(1). The government must rebut that presumption by showing changed country conditions. *See Mamouzian*, 390 F.3d at 1135. Here, neither the IJ nor the BIA evaluated Alawwa's case in light of the presumption of future persecution. Accordingly, we remand to the BIA for the agency to consider changed country conditions in the first instance. *See Lopez v. Ashcroft*, 366 F.3d 799, 806–07 (9th Cir.2004); *see also INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Alawwa's regulatory challenges to the BIA's streamlining of his case are unavailing. *See Garcia–Martinez*, 371 F.3d at 1078–79.

PETITION FOR REVIEW GRANTED; REMANDED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.